**UNITED STATES of America and Aurora Rodriguez, Office of Inspector General, the United States Department of Housing and Urban Development, Petitioners,**

v.

**Julio C. PADIN, President PMC Mortgage Corporation and Julio C. Padin, Individually, Respondents.**

**Misc. No. 89–0034CCC.**

United States District Court, D. Puerto Rico.

May 22, 1990.

Daniel F. López–Romo, U.S. Atty. by Lydia Pelegrín, Asst. U.S. Atty., Hato Rey, P.R., for petitioners.

Lydia Lizarribar–Masini, Old San Juan, P.R., Harry Anduze–Montaño, Hato Rey, P.R., for respondents.

## JUDGMENT

CEREZO, District Judge.

The case before us is a miscellaneous filing which began as a petition by the United States Department of Housing and Urban Development for the issuance of an order to enforce an administrative subpoena *duces tecum.* On April 12, 1989, after respondent failed to appear at a hearing held the day before, the U.S. Magistrate issued an order requiring obedience to the subpoena (docket entry 5) and indicating failure to comply could result in contempt proceedings. On April 28, 1989 Mr. Padín, in his individual capacity, replied that he had no corporate records or documents in his possession (docket entry 7). The corporation alleged that all documents had been furnished (docket entry 8). Various motions were filed by the parties arguing the question of whether there had been full compliance with the subpoena. On May 5, 1989 petitioners moved to hold respondent in contempt. Once again Mr. Padín stated he could not produce records he does not have (docket entry 14). PMC Mortgage stated in its motion in response to the request for contempt filed June 6, 1989:

6(C) To this date, Prudential Mortgage Corporation, keeps and maintains records, books, cancelled checks, and documents that pertain to the period covering the past five (5) years, (January 1983 through September 1987). In accordance with sound accounting practices those documents had been provided to plaintiffs and prior to the filing of this case had been and they still are available for their inspection and examination.

(D) Prudential Mortgage Corporation [is] not able to produce and deliver to plaintiffs records and documents covering the period of January 1979 through December 1982, due to the fact that *they do not exist and they are not in possession or custody of defendants.* (Emphasis ours.)

The motion went on to request that the Court order plaintiffs to provide a list spec-ifying which documents remained to be produced. Replies and oppositions shot back and forth, and, on August 17, 1989, the U.S. Magistrate filed a report and recommendation that respondent be held in contempt.

On October 2, 1989 the Court, on review of recommendation, objections, and the record, ruled essentially that the respondent could not produce the documents that " 'do not exist and ... are not in possession or custody of defendants.' " In order to resolve the dispute over the production of documents for the period for which the corporation admitted having all its records, we ordered petitioners to serve a list of the outstanding items they had subpoenaed, and ordered Julio C. Padín and PMC Mortgage to subsequently produce them.[1] In an effort to help petitioners reconstruct or locate the records for the earlier period we additionally ordered that:

[b]oth respondents will certify to the court under oath the exact whereabouts or disposition of all original documents, or any microfilmed, microfiched, microdot or computerized copies of all requested materials for the period prior to January 1983.

In a collateral matter, we note that Julio Padín was summoned for a deposition (see docket entry 14, notice filed August 25, 1989). The petitioners never sought the court's authorization for this deposition, nor did the court order it *motu propio.* On review, we see no purpose or need for the deposition, within the context of this proceeding. Nonetheless, an attempt to depose Padín was finally made on October 17, 1989.

We now have before us for resolution, the following issues:

Julio C. Padín and PMC Mortgage have each filed a motion (docket entries 36 and 37) requesting that we vacate that portion of our September 29, 1989 order requiring certification under oath regarding the disposition and/or whereabouts of the subpoe-

---

1. As there have been no further filings regarding these portions of our order, we infer that the parties have complied.

naed documents for the period prior to January 1983 inasmuch as they are targets in a criminal investigation by Housing and Urban Development and compulsory compliance with the order would violate Padín's Fifth Amendment right against self-incrimination.

▪ As to the deposition, petitioners have filed a Motion to Compel and Cite for Contempt (docket entry 41) based on the fact that

> 2. ... Respondent gave little or no information in the deposition, relying instead on the advice of his attorney, Harry Anduze Montano, to decline to answer, based on the 5th, 6th and 14th Amendments of the United States Constitution and Section 11 of Article 2 of the Constitution of the Commonwealth of Puerto Rico; as a result, the taking of the deposition was continued.

The motion requests that we "Compel Respondent to answer general questions about PMC Mortgage Corporation," and cite attorney Anduze–Montaño for contempt.

Petitioners ask us to reject respondents' motions, arguing, among other things, that Padín has had ample time to invoke the Fifth Amendment through his various and numerous past motions and has never done so. In examining closer the nature of the questions to which petitioners would have us compel Padín's answers, we are struck by the quantum leap between the original intent of this proceeding—the production of documents—and the inquiry into unrelated matters. Petitioners would have us compel answers to questions of a "general nature ... such as questions regarding PMC's corporate structure; who respondent reported to as Vice–President of PMC from 1977 to 1980; his functions and involvement in PMC's policies from 1977 to 1980; and what actions he took to insure that PMC's operation was a success and profitable." As acknowledged by attorney

Pelegrin at the deposition itself, its purpose was discovery.

Accordingly, it appearing that the deposition was taken within the context of an administrative investigation, something far beyond the narrow scope of enforcing a subpoena for production of documents, the Motion to Compel and Cite for Contempt is DENIED.

▪ The matter of our request for Padín's certification under oath, in his personal and/or official capacity presents another issue. His now having invoked the Fifth Amendment, the question is not one of whether the act of production would entail testimonial self-incrimination, *see Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 2288, 101 L.Ed.2d 98 (1988), but, rather, whether he can be compelled to explain the whereabouts or destruction of documents which may no longer exist.[2] The Supreme Court has addressed this point in *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957). Inasmuch as the custodian of union books in his possession had no privilege with respect to production of the books, the government argued that he likewise had no privilege with respect to questions seeking to ascertain the whereabouts of books and records which had been subpoenaed but not produced. In other words, it was the government's contention that when a custodian fails to produce the books, he must explain or account under oath for their non-production, even though to do so may tend to incriminate him. The Court stated, at pp. 123–24, 77 S.Ct. at pp. 1149–50 that

> [t]he Fifth Amendment suggests no such exception. It guarantees that "no person ... shall be compelled in any criminal case to be a witness against himself...." A custodian, by assuming the duties of his office, undertakes the obligation to produce books of which he is custodian in response to a rightful exer-

---

2. Padín in his corporate capacity as president has steadfastly stated that he is not the custodian of the records and documents in question, a fact which the government disputes. It is somewhat contradictory to his argument that the corporation has been conducted as a sole pro-

prietorship (see PMC's motion of October 19, 1989, page 2, second full paragraph), a fact also disputed by petitioners. For the sake of argument, however, we will consider the question in the light most favorable to petitioners.

cise of the State's visitorial powers, but he cannot lawfully, be compelled in the absence of a grant of immunity from prosecution, to condemn himself by his own oral testimony.

Accordingly, we VACATE that portion of our order requiring Padín to certify under oath the disposition or whereabouts of documents subpoenaed for the pre–1983 period. As it appears that there is no further dispute over the documents for the period beginning January 1983, we understand that Julio C. Padín and PMC Mortgage have complied with our order enforcing the subpoena. There being no other issues before the Court in this miscellaneous case, the Clerk of the Court is hereby ORDERED to close this case.

SO ORDERED AND ADJUDGED.